UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKIE N. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3033 |
| | ) | |
| GUY GROOT and | ) | |
| STEVEN SCHOSTAK, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently detained in the Rushville Treatment and Detention Center, pursues a First Amendment claim arising from Defendants' alleged order prohibiting him from corresponding with a "conditional release agent." Plaintiff also pursues a First Amendment claim based on alleged retaliation for sending that correspondence. Plaintiff filed this case in February, 2011. Discovery deadlines were set in June, 2011, with discovery set to close on January 31, 2012.

Plaintiff has filed an amended complaint, seeking to add eight new

1

defendants. He also seeks to add new claims against some of the new defendants, arising from alleged unauthorized access to his treatment files and alleged retaliation for his oral and written protests.

At this stage of the proceedings, leave of the Court is required to file an amended complaint. Fed. R. Civ. P. 15(a). "'[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" Stanard v. Nygren, — F.3d —, 2011 WL 4346715 *4 (7th Cir. 2011)(quoted and other cites omitted).

Plaintiff has unduly delayed filing this amended complaint. The additional claims involve incidents that happened years ago, of which Plaintiff was aware when he filed his original complaint. He does not explain why he did not include these claims and defendants in his original complaint. Further, these additional claims are unrelated to the suppression of Plaintiff's right to send mail. Thus, the new claims and defendants would not be properly joined in this lawsuit. See Fed. R. Civ.

P. 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . . ."). Plaintiff's conclusory allegations of a broad retaliation conspiracy is not sufficient to warrant joinder. Additionally, many of the allegations do not state a claim that can proceed. For example, many of the allegations that arise in connection with Plaintiff's civil commitment proceedings are in effect challenges to his commitment, which cannot be made in a 42 U.S.C. § 1983 action. The Court also has trouble discerning a Fourth Amendment claim based on the State evaluator's alleged unauthorized access to Plaintiff's file in connection with Plaintiff's commitment proceedings. Lastly, many of the new defendants are named on the basis of supervisory liability, but there is no respondeat superior liability under § 1983. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). For all these reasons, Plaintiff's motion to amend will be denied.

    IT IS THEREFORE ORDERED:

    1. Plaintiff's motion for leave to file an amended complaint is

denied (d/e 40).

2. Plaintiff's motion for an extension to respond to Defendants' discovery requests is granted (d/e 43). Plaintiff's deadline for responding is October 31, 2011.

3. Plaintiff's motion to issue summonses for the new defendants is denied as moot (d/e 45).

4. Plaintiff has filed an update in which he states that he has been placed in segregation without access to his legal papers. The document has been docketed as a motion for access to legal papers. Plaintiff gives no information regarding the expected duration of his segregation. Plaintiff's motion is denied (d/e 49), with leave to renew if he is still unable to access his legal papers.

ENTERED:   October 27, 2011

FOR THE COURT:

s/Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE