UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKIE N. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3033 |
| | ) | |
| GUY GROOT and | ) | |
| STEVEN SCHOSTAK, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.

This case is about Plaintiff's First Amendment rights relating to a letter he sent to "Mr. Isikoff," a former director of a conditional release program. On July 23, 2012, the Court denied Defendants' summary judgment motion and ordered them to produce the letter from Mr. Isikoff written in response to Plaintiff's letter. The Court also directed Defendants to produce the "decision making model" and other therapy

1

assignments Plaintiff was asked to complete because of the letter he had written.

Defendant Groot responds that, though he can review Plaintiff's clinical records, copying and producing those records could violate state privacy statutes.  Defendants ask the Court to order Plaintiff to sign an authorization to release his complete clinical records.   Plaintiff objects, arguing that Defendants are on a fishing expedition.  He also asserts that Defendants should have moved to compel this information during discovery.

Plaintiff's clinical records from near the time he wrote the letter to Mr. Isikoff could be directly relevant to Plaintiff's First Amendment claims and to Defendants' defense of those claims.  While Defendants should have addressed this issue during discovery, the fact remains that proceeding to trial without this information may give the jury an inaccurate and incomplete picture of what happened.  Plaintiff's own testimony is that he believed he could not progress in therapy unless he admitted that the letter he wrote was misleading and completed

"assignments" designed to teach him the error of his ways. His clinical records could be relevant to supporting or denying those contentions. In the interest of improving the quality of the trial, Plaintiff's clinical records will be produced. However, the Court agrees with Plaintiff that the time frame requested by Defendants is overly broad.

IT IS THEREFORE ORDERED:

    1) Plaintiff's motion to enforce the subpoena sent to Forrest Ashby is denied as moot (d/e 95). Mr. Ashby has complied with the subpoena.

    2) The Court hereby orders the production to Defendants' attorney, Theresa Powell, of Plaintiff's clinical and behavioral records dated from December 1, 2008 to February 28, 2009, which are within the possession or control of the Rushville Treatment and Detention Center or the Illinois Department of Human Services. Defendants are authorized to serve subpoenas to obtain said records. The Rushville Treatment and Detention Center and the Illinois Department of Human Services are authorized to disclose said records to Defendants' attorney, Theresa Powell. Defendants' disclosure and use of the information is

subject to applicable state and federal statutes.

3) Plaintiff's motion to strike Defendants' affidavits and hold Defendants in contempt is denied (d/e 98).  Plaintiff believes that Defendants' pleadings are evasive and inconsistent, but that argument is not grounds for striking their affidavits or holding them in contempt.

ENTERED:  September 14, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
