UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKIE N. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3033 |
| | ) | |
| GUY GROOT and | ) | |
| STEVEN SCHOSTAK, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff is detained in the Rushville Treatment and Detention

Center pursuant to the Illinois Sexually Violent Persons Act.  He pursues

First Amendment and retaliation claims relating to a letter he sent to

"Mr. Isikoff," a former director of a conditional release program.

Plaintiff's claims have survived summary judgment and a final pretrial

conference is set for November 19, 2012.  Before the Court are several

pending motions filed by Plaintiff, addressed in turn below.  The final

pretrial conference will be rescheduled in order to allow sufficient time to

1

address the issues raised by Defendants' subpoenas.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to reconsider the Court's denial of his motion to compel Forrest Ashby to comply with Plaintiff's subpoena is denied (d/e 110).  On September 14, 2012, the Court denied Plaintiff's motion to compel as moot, concluding that Ashby had complied with the subpoena.  Plaintiff argues that Ashby did not fully comply with Plaintiff's request in paragraph (5) of the subpoena for "the Security Director's acknowledge receipt of the log book designated for non-standard incoming mail . . . ."  The Court does not understand what Plaintiff means by the "Director's acknowledge."  If Plaintiff means a written acknowledgment by the Security Director that he received non-standard incoming mail reflected on a written log kept by the mail staff, no indication in the record suggests that such an acknowledgment exists. If Plaintiff is seeking a copy of his own mail log sheet for the relevant period, he needs to request the issuance of another subpoena because the current subpoena does not ask for that information.  According to the

facility rules, Plaintiff may be able to obtain that information through a written request to the "Storekeeper." Mr. Ashby has provided copies of the envelopes of Plaintiff's incoming and outgoing mail for the time period ordered by the Court. Plaintiff contends that those copies do not include his outgoing letter to Mr. Isikoff, but nothing in the record suggests that a copy of the letter exists. If anything, the absence of a copy of the letter supports Plaintiff's assertion that his letter was never mailed to Mr. Isikoff, which in turn supports an inference that Mr.Isikoff never contacted Defendants. Plaintiff can make these points at trial. At the final pretrial conference, Defendants should be prepared to inform the Court whether they will stipulate that the facility has no record of Plaintiff's letter to Mr. Isikoff being sent out of the facility.

2) Plaintiff has filed an amended motion to quash Defendants' subpoenas to DHS and to the Lake County Circuit Court. (d/e 120). Plaintiff asserts the psychotherapist-patient privilege, which Defendants do not address in their response. By November 16, 2012, Defendants are directed to address whether the psychotherapist-patient privilege

protects Plaintiff's DHS records from disclosure.  By November 16, 2012, Defendants are also directed to file a copy of their subpoena to DHS.

3)  To the extent Defendants have obtained Plaintiff's records from DHS pursuant to their subpoena and the Court's 9/14/12 order, Defendants are directed to file said records under seal by November 16, 2012, in order to assist the Court in determining whether the psychotherapist-patient privilege applies.  The privilege applies only to confidential communications.  <u>Jaffee v. Redmond</u>, 518 U.S. 1, 15 (1996). Plaintiff does not identify any confidential communications or explain how these records reveal any confidential communications.  *See* <u>Scott v. Edinburg</u>, 101 F.Supp.2d 1017 (N.D. Ill. 2000)(reviewing documents in camera to determine whether psychotherapist-patient privilege applied).

4) To the extent DHS has not yet produced to Defense counsel Plaintiff's records ordered by this Court on 9/14/12 and subpoenaed by Defendants, DHS is directed to file those documents under seal with the Court by November 16, 2012.  The clerk is directed to send a copy of

this order to the Custodian of Records, Illinois Department of Human Services, Rushville Treatment and Detention Facility, 1680 East County Farm Road, Rushville, IL 62681.

5)  As to the subpoena to Lake County Circuit Court, Defendants may subpoena public records from a court, even if the subpoena is issued outside the discovery period.  However, at the final pretrial conference Plaintiff may object to the admissibility of those records based on untimeliness, prejudice, unfair surprise, relevance, and other appropriate objections.  Defendants have a continuing duty to supplement their disclosures to Plaintiff under Fed. R. Civ. P. 26(e).

6) Plaintiff's motion to quash # 114 is denied as a duplicate of motion # 120.  Plaintiff's motion to quash # 119 is denied, as document 119 is not a motion but a letter seeking confirmation that Plaintiff's motion to compel was filed.

7) By November 16, 2012, Defendants are directed to file a response to Plaintiff's motion to quash the subpoenas to Dr. Kirk Witherspoon, Dr. Ronald Baron, Dr. Ray Quackenbush, and Dr. Barry

Leavitt.  Defendants are directed to attach to their response copies of the
subpoenas sent to said persons.

8) Plaintiff's motions for the appointment of counsel are denied
because Plaintiff appears competent to proceed pro se in light of the
relative simplicity of his claims.  Pruitt v. Mote, 503 F.3d 647, 654-55
(7th Cir. 2007).  The facts are largely within Plaintiff's personal
knowledge and experience.  He can testify personally about the letter he
wrote to Mr. Isikoff and to the subsequent events he experienced.  His
pleadings are well written and demonstrate a solid understanding of the
applicable law and legal procedure.  Plaintiff's pleadings also demonstrate
that he has been able to obtain relevant evidence from both parties and
nonparties.

9) Plaintiff has filed a petition for leave to proceed in forma
pauperis on an interlocutory appeal (d/e 135) challenging the production
of the information sought in the subpoenas, along with his reasons
therefore (d/e's 117, 135).  An interlocutory appeal may be allowed by
the Court of Appeals if this court finds that there is "a controlling

question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . .. may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). The court sees no debatable question of law, nor does the court feel that an immediate appeal would materially advance the termination of the litigation. The Court has not yet determined whether the information sought in the subpoenas is protected by the psychotherapist-patient privilege: the motions to quash remain pending. As to the subpoena to the Lake County Circuit Court, the Court sees no issue for interlocutory appeal regarding that subpoena. Accordingly, the court cannot find a good faith basis for appeal, and certifies, pursuant to 28 U.S.C. 1915(a)(3), that the appeal is not in good faith. The Court therefore denies the motion to proceed in forma pauperis on appeal (d/e 135). If Plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order. See Fed.R.App.P. 24(a). The clerk is directed to send a copy of

this order to the Seventh Circuit Court of Appeals.

10) The final pretrial conference scheduled for November 19, 2012 is rescheduled to January 14, 2013 at 3:00 p.m.  Plaintiff shall appear by video conference.  Defendants' counsel shall appear in person.  The proposed final pretrial order is due January 7, 2013.  The clerk is directed to issue a video writ to secure Plaintiff's presence at the conference.

11)  The proposed final pretrial order must include the names of all witnesses to be called at the trial and must indicate whether the witness will appear in person or by video conference.  Nonparty witnesses who are detained at Rushville will testify by video.  Other nonparty witnesses may appear by video at the Court's discretion.  The proposed pretrial order must also include the names and addresses of any witnesses for whom trial subpoenas are sought.  The parties are responsible for timely obtaining and serving any necessary subpoenas, as well as providing the necessary witness and mileage fees.  Fed. R. Civ. P. 45.

12) The Court will circulate proposed jury instructions, a statement of the case, and proposed voir dire questions prior to the final pretrial

conference, for discussion at the final pretrial conference.  Proposed

additional/alternate instructions and voir dire questions must be filed five

business days before the final pretrial conference.  The jury instructions,

statement of the case, and voir dire questions will be finalized at the final

pretrial conference, to the extent possible.

13)   Within five business days before the final pretrial conference,

the parties shall file a numbered list of all exhibits which they may seek

to introduce at the trial.  The list of exhibits must number each exhibit

and include a short description (for example, Plaintiff's Ex. 1: 11/10/12

health care request).  The parties must prepare their own exhibits for

introduction at the trial, marking the exhibits with the same number that

is on the list submitted to the Court.  Exhibits that are introduced at trial

will be kept in the Court record.  Therefore, the party offering the exhibit

is responsible for making a copy of the exhibit to keep for the party's own

records.  Additionally, the parties are directed to exchange copies of their

marked exhibits at least ten days before the final pretrial conference.  If a

party intends to object to the introduction of a proposed exhibit, that

party must provide the Court a copy of the exhibit and an explanation of the grounds for objection at least five business days before the final pretrial conference.  Objections will be argued orally at the final pretrial conference.

14) Jury selection and the jury trial are scheduled for February 5, 2013 at 9:00 a.m., on the Court's trailing trial calendar.  The actual date for the jury selection and trial will be decided at the final pretrial conference.  In light of the Court's busy trial calendar, the parties are reminded that they may consent to a trial before Magistrate Judge Cudmore.  28 U.S.C. § 636(c)(1)(parties may consent to full time Magistrate Judge conducting "any or all proceedings in a jury or nonjury civil matter).  Consent is completely voluntary: the parties are "free to withhold consent without adverse substantive consequences."  28 U.S.C. § 636(c)(3).

15) After the final pretrial order is entered, the Clerk is directed to issue the appropriate process to secure the personal appearance of Plaintiff at the trial and the video appearances of the video witnesses at

10

the trial.

16) Defendants' motion for an extension of time to file the proposed final pretrial order is denied as moot (d/e 137).


ENTERED: November 6, 2012

FOR THE COURT:

                    s/Sue E. Myerscough
                    SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE