IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKIE WALKER, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-3033 |
| | ) | |
| GUY GROOT and | ) | |
| STEVEN SCHOSTAK, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He pursues a First Amendment claim relating to a letter he sent to "Mr. Isikoff," a former director of a conditional release program. Plaintiff also pursues a retaliation claim, based on Plaintiff's belief that Defendants' actions were in retaliation for Plaintiff's challenge to his detention in state court. Plaintiff's claims have survived summary judgment, and a final pretrial conference is set for April 8, 2013.

Before the Court are several pending motions, addressed in turn below.

1

IT IS ORDERED:

1) Plaintiff's amended motion to quash the subpoenas seeking Plaintiff's clinical treatment records from December 1, 2008 to February 28, 2009 or for a protective order is **denied** (d/e 120).

Plaintiff argues that the psychotherapist-patient privilege bars the disclosure of his clinical records. Federal common law protects from disclosure "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment." Jaffe v. Redmond, 518 U.S. 1, 15 (1996). However, the privilege may be waived. 518 U.S. at 15 n.4.

Based on the Court's review of the parties' submissions and the *in camera* documents, the Court concludes that Plaintiff has waived the psychotherapist-patient privilege, to the extent that the privilege applies. Plaintiff's First Amendment claim is that Defendants, who are part of Plaintiff's clinical treatment team, essentially disciplined Plaintiff for sending a letter to Mr. Isikoff.

Plaintiff's claim is based directly on Plaintiff's psychological treatment by Defendants because all of Defendants' challenged actions were taken as part of their clinical treatment of Plaintiff. To succeed on his claim, Plaintiff must show that Defendants' actions

were not based on a legitimate interest in Plaintiff's rehabilitation and were not based on the exercise of Defendants' professional judgment as clinicians. "A party 'cannot inject his or her psychological treatment, condition, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues.'" Kronenberg v. Baker & McKenzie, 747 F.Supp.2d 983, 989-90 (N.D. Ill. 2010)(*quoting* Santelli v. Electro-Motive, 188 F.R.D. 306, 309 (N.D. Ill. 1999).

Additionally, Plaintiff already disclosed in his response to Defendants' summary judgment motion at least one of Plaintiff's clinical treatment progress notes and Dr. Raymond Wood's clinical evaluation pursuant to Plaintiff's civil commitment.  These voluntary disclosures are further support for the Court's conclusion that Plaintiff has waived the psychotherapist-patient privilege.  (Pl.'s Response to Defs.' Mot. Summ. J., 1/16/09 progress note, Ex. MM, d/e 86-16; 1/25/09 Sexually Violent Persons Commitment Act Report regarding Plaintiff, Exhibit AA, d/e 86-17).  This conclusion does not affect Plaintiff's ability to object to the admissibility of this information at trial.

2) Plaintiff's motion to quash the subpoenas to Dr. Kirk Witherspoon, Dr. Ronald Baron, Dr. Ray Quackenbush, and Dr. Barry Leavitt (d/e 134) is denied for the reasons set forth in paragraph one above.

3) Defendants' first motion in limine to bar Plaintiff from arguing that Defendants have caused Plaintiff's commitment or interfered with his release is denied, with leave to renew the objection at the trial if Plaintiff attempts to do so (d/e 144). Plaintiff cannot challenge his civil commitment in this action, and the jury will be so instructed if Plaintiff attempts to do so. However, one of Plaintiff's claims is that Plaintiff's treatment progress was temporarily halted because of Plaintiff's letter to Mr. Isikoff. This claim will necessarily require background on Plaintiff's commitment proceedings. Additionally, the commitment proceedings are relevant to Plaintiff's retaliation claim.

4) Defendants' second motion in limine to bar Plaintiff from talking about the actions of persons other than Defendants is denied (d/e 146), with leave to renew as an objection if Plaintiff attempts to introduce irrelevant testimony at trial.

5) Plaintiff's first motion in limine is granted in part and denied in part (d/e 155).

The motion is denied with respect to Plaintiff's conviction, with leave to renew with the title of Plaintiff's 2002 conviction, the date of the conviction, and the date Plaintiff finished serving his sentence for the conviction.

The motion is granted with respect to the convictions of witnesses Plaintiff seeks to call who completed serving their sentences more than ten years ago.

The motion is denied with respect to references to sex offender treatment, sexual disorders, or the fact that Plaintiff and his witnesses are committed for the treatment of sexual disorders. The Court does not see how this information can be kept out, since Plaintiff himself will be discussing his treatment and his commitment proceedings. Plaintiff's claims directly challenge treatment decisions and retaliation for Plaintiff's efforts to challenge his commitment. A general explanation of why Plaintiff is receiving treatment and what his commitment proceedings are about will necessarily be part of Plaintiff's claim and Defendants' defense.

The motion is denied with leave to renew regarding the introduction of Plaintiff's prior bad acts or Plaintiff's disciplinary reports. If Defendants attempt to introduce this evidence at trial, Plaintiff may make an objection at that point, and the Court will have the necessary context to make an informed ruling.

6) Plaintiff's motion for subpoena is denied (d/e 161), with leave to renew after the final pretrial order is approved. The final pretrial order will list Plaintiff's witnesses. Plaintiff is advised that he is responsible for providing the required witness and mileage fees to subpoenaed witnesses. Witnesses who are residents of Rushville will appear by video conference without a subpoena.

7) Plaintiff's motions to have his restraints removed during trial are denied at this time (d/e's 164, 167). The Court makes this determination after consulting with Rushville security guards and the Court's security personnel. Plaintiff may make an oral motion before the start of trial if his restraints have not been removed.

ENTER:
FOR THE COURT:   March 18, 2013

                                    s/Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE